**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DENEAN R. WILLIAMS<br>509 Van Lears Run<br>Villanova, PA 19085<br><br>*Plaintiff*<br><br>v.<br><br>AMERICAN AIRLINES<br>1 Skyview Drive<br>Fort Worth, TX 76155<br><br>*Defendant* | CIVIL ACTION NO.<br><br><br>**JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**

**I.    INTRODUCTION**

This action stems from Defendant American Airlines' discriminatory, intentional, negligent, and outrageous behavior towards Plaintiff Denean R. Williams.  On May 26, 2026, while about to board Defendant American Airline's Flight Number 2635 from San Francisco International Airport ("SFO") to Philadelphia, Mr. Williams was denied entry onto the plane – his wife was already on board and waiting for him to join her – because his carry-on roller bag was too large.  Rather than gate-checking the roller bag, as is routinely and commonly done, Mr. Williams was instructed by the American Airlines gate employee that he had to return to the ticket counter to check the bag.  Mr. Williams politely and respectfully requested that he be allowed to have his bag gate-checked because he would miss the flight if he had to leave the secured boarding area, check his bag at the ticketing counter, and then have to go back through security.  The American gate employee refused.

When Mr. Williams returned to the gate, after having checked the bag as instructed and secured a ticket on the next flight out of San Francisco to Philadelphia, as he had indeed missed his flight, the same American gate employee pulled Mr. Williams out of line to inform him that he would not be permitted to board that later flight, either.  No explanation was offered.  When Mr. Williams, understandably upset, approached the gate counter, he was blocked by the gate employee who stated loudly, "You're a black man and I am going to have you arrested for assault."  Mr. Williams is indeed an African-American man – a successful accountant, businessman, husband and father – but he had not made any threatening statement or lifted a finger toward the American Airlines employee.  He certainly had not assaulted her.

The police arrived shortly thereafter, spoke to everyone involved, and determined there was no basis to write up the incident.  Off to the side, the police officer told Mr. Williams that this was not the first time that same American Airlines employee had issues with other passengers in the past, and that it did appear the American Airlines employee was discriminating against Mr. Williams on the basis of race.

Having been twice denied access to his flight home, Mr. Williams was forced to stay in San Francisco overnight, book a flight home for the next day on a different airline, and miss an important family gathering.  Mr. Williams reported the employee misconduct to American Airlines which, to add insult to injury, wrote back to advise Mr. Williams that he would never be allowed to travel on that airline again.

Because of the unwarranted and unlawful, negligent and reckless discriminatory treatment by American Airlines and its staff, Mr. Williams has suffered significant monetary losses and mental and emotional distress.

## II.   PARTIES

1.     Plaintiff Denean R. Williams ("Mr. Williams") is an adult citizen of the Commonwealth of Pennsylvania, who, at all relevant times, resided at 509 Van Lears Run, Villanova, Pennsylvania 19085.

2.     Defendant American Airlines, Inc. ("American Airlines") is a Delaware corporation or other entity organized and existing under and by the virtue of the laws of the State of Delaware with a corporate address of 1 Skyview Drive, Fort Worth, Texas 76155.

3.     At all relevant times, Defendant American Airlines operated as an airline carrier providing transportation to its customers out of airports from Philadelphia to San Francisco and other cities around the country.

4.     At all relevant times, Defendant American Airlines operated as a common carrier.

5.     As a common carrier, Defendant American Airlines owes its passengers the highest duty of care and diligence.

6.     At all relevant times, Defendant American Airlines represented that it operates its common carrier airlines services on a non-discriminatory basis.

7.     At all relevant times, Defendant American Airlines was legally responsible for and indirectly liable for the negligent acts and omissions and reckless conduct of its employees, including the gate attendant who interacted with Mr. Williams at the San Francisco International Airport on the evening of May 26, 2026.



The American Airlines gate attendant (pictured but not yet identified above) is an employee of American Airlines and at all relevant times acted in her capacity as an agent of American Airlines.

## III.   JURISDICTION

8.      This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 in that the claims in this case raise federal questions.

9.      This Court has personal jurisdiction over the Defendants and venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b)(1) in that Defendants' conduct was intended to prevent Mr. Williams, a person known to American Airlines to be a citizen and resident of Pennsylvania, from returning home to Pennsylvania on a Pennsylvania-

bound flight. Moreover, American Airlines' further retaliatory conduct barring him from ever traveling with American Airlines again was knowingly and intentionally directed to Mr. Williams in Pennsylvania.

## IV.    FACTS

10.     On May 26, 2026, Mr. Williams and his wife were returning from a visit with their son, who is a rising sophomore and a member of the varsity football team at Stanford University.

11.     Mr. Williams is an African-American man and owns a successful accounting business in Philadelphia.

12.     Mr. Williams is a frequent airline traveler and is an American Airlines AAdvantage Gold Member.

13.     On May 26, 2026, when Mr. Williams and his wife arrived at SFO, there were two non-stop flights that evening still on the schedule to Philadelphia, Flight 2635 and an earlier departure, Flight 2045.

14.     When Mr. Williams and his wife presented to the American Airlines ticket counter to check in, the American employee there arranged to move them from Flight 2635 to the earlier-departing Flight 2045.

15.     After going through security, Mr. Williams and his wife presented to the gate for Flight 2045 to Philadelphia.

16.     Mr. Williams' wife was permitted to board the flight, but he was stopped by the American Airlines gate employee, who pointed out that his carry-on roller bag slightly exceeded the airline's carry-on size limit.

17.    Mr. Williams politely requested that the American Airlines agent gate-check his roller bag, something American Airlines commonly does at the passenger's request or, if the flight is full and overhead storage space is limited, at the airline's request.

18.    The American Airlines gate employee refused Mr. Williams' request to gate-check his carry-on bag, instructing him to go all the way back to the ticket counter and have his bag checked there.

19.    Mr. Williams pointed out that if he did as instructed, he would miss the flight and would be separated from his wife.  The American Airlines gate attendant refused to gate-check his bag and instructed Mr. Williams to leave the secured boarding area and check his bag at the ticket counter.

20.    Mr. Williams did as he was told and returned to the ticket counter, checked his carry-on bag, waited again in line to pass through security, and returned to the gate, where the same gate employee was still on duty.

21.    While in line at the gate, the same employee who had earlier instructed Mr. Williams to check his carry-on bag at the ticket counter, took him out of the line and told Mr. Williams he would not be permitted to board the flight.  No reason or explanation was given.

22.    Mr. Williams told the American Airlines gate employee that he had paid for his ticket, that he was an American Advantage Gold member, that he was entitled to board the flight, and attempted to get back in line.

23.    At this point, the gate attendant stated, "You're a black man and I'm going to have you arrested for assault."  Mr. Williams was shocked at this statement, as he had never spoken or acted aggressively, or even raised a finger in the direction of the American Airlines employee, let alone assaulted her.

24.    The American Airlines employee then picked up her phone and called the police, describing Mr. Williams as "a large black man, tall, black and bald."

25.    Two police officers then arrived, spoke to Mr. Williams and the American Airlines employee, and determined that no report would be filed about the incident.

26.    Privately, one of the two police officers told Mr. Williams that they were familiar with this particular American Airlines employee, that there had been similar issues involving her and other American Airlines passengers in the past, and that it appeared Mr. Williams was the victim of racial discrimination.

27.    Having been denied entry on to the last American flight out of SFO to Philadelphia, Mr. Williams was stranded in San Francisco.

28.    Mr. Williams was forced to get a hotel room for the night, book a flight home for the next day on a different airline, and missed a meaningful and important family gathering the next day back in Philadelphia.

29.    After submitting a complaint to American Airlines about the incident, on July 23, 2026, Mr. Williams received a response from American Airlines Corporate Security, in which he was informed that the airline had conducted an internal review of the incident and decided to blackball him, stating that "[d]ue to your conduct with respect to this incident, your future travel will be denied, and future reservations will not be honored on American Airlines or related code-share flights.  If you have upcoming travel booked, it will be canceled.  Your ability to travel on American Airlines or related code-share partners will be permanently suspended."

30.    Contrary to the findings by American Airlines Corporate Security, Mr. Williams alleges that Defendant American Airlines and its employees breached their contract with him, are

responsible for negligent and intentional infliction of emotional distress, and unlawfully discriminated against him based on his race.

31.     Mr. Williams engaged in no wrongful conduct whatsoever.

32.     As a result of Defendants' negligent, reckless, and outrageous conduct, Plaintiff Denean Williams was caused to suffer:

    a.   emotional distress;

    b.   mental anguish;

    c.   pain and suffering;

    d.   humiliation and embarrassment;

    e.   significant monetary losses;

    f.   loss of earned privileges and benefits as a frequent flyer on American Airlines.

## V.     CLAIMS

### COUNT ONE – Negligence
### Plaintiff Denean R. Williams v. Defendant American Airlines

33.     The preceding paragraphs are incorporated in full here as though set forth in their entirety.

34.     As a common carrier, Defendant American Airlines owed Plaintiff the highest duty of care and diligence.

35.     Defendant American Airlines acted through the conduct of its agents, servants, employees, and ostensible agents, including the gate attendant who interacted with Plaintiff at SFO.

36.     Defendant American Airlines is liable for its own negligence and the negligence of its agents, servants, employees, and ostensible agents.

37.    Defendants' negligence and outrageous conduct included the following:

a.    Denying Plaintiff entry on to Flight 2045, which he had paid for and was entitled to board;

b.    Refusing to gate-check Plaintiff's carry-on bag;

c.    Denying Plaintiff entry onto Flight 2635 even after he had, as instructed, returned to the ticket counter and had checked his carry-on there, causing him to miss the earlier Flight 2045;

d.    Falsely accusing Plaintiff of assaulting the American gate employee who twice refused to let him board;

e.    Falsely reporting Plaintiff to the police;

f.    Subjecting Mr. Williams to police interrogation without any basis;

g.    Negligent training of employees working at the airport gates;

h.    Negligent supervision of employees working at the airport gates; and

i.    Failure to have and enforce appropriate policies and procedures for employees working at the airport gates regarding racial discrimination.

38.    As a result of Defendants' negligence and outrageous conduct, Plaintiff was caused to suffer the injuries set forth in this Complaint.

WHEREFORE, Plaintiff Denean R. Williams demands judgment and compensatory and punitive damages against Defendant American Airlines, together with costs of suit, interest and attorney's fees, as well as all other damages allowed under law and in the discretion of the Court.

**COUNT TWO – Breach of Contract**
**Plaintiff Denean R. Williams v. Defendant American Airlines**

39.     The preceding paragraphs are incorporated in full here as though set forth in their entirety.

40.     Mr. Williams fully paid for his ticket to fly home to Philadelphia on American Airlines.

41.     American Airlines breached its contract with Plaintiff by wrongfully denying him entry onto two different flights from SFO to Philadelphia on the evening of May 26, 2026.

42.     Mr. Williams did not violate any of American Airlines' terms of service or its "Conditions of Carriage."

43.     Defendant American Airlines had no basis to deny Mr. Williams entry onto the flights he had paid for and had the right to access.

44.     Mr. Williams suffered financial losses as a result of American Airlines refusal to honor its contractual obligations.

WHEREFORE, Plaintiff Denean R. Williams demands judgment and any and all contract damages against Defendant American Airlines, together with costs of suit, interest and attorney's fees, as well as all other damages allowed under law and in the discretion of the Court.

**COUNT THREE – Title VI of the Civil Rights Act of 1964**
**Plaintiff Denean R. Williams v. Defendant American Airlines**

45.     The preceding paragraphs are incorporated in full here as though set forth in their entirety.

46.     Title VI of the Civil Rights Act of 1964 makes it unlawful for any person to "be excluded from participation in, be denied the benefits of, or be subjected to discrimination under

any program or activity receiving Federal financial assistance" on the basis of race.  42 U.S.C.A. Section 2000d.

47.    Defendant American Airlines annually receives millions of dollars in Federal financial assistance, grants and subsidies.

48.    The U.S. Supreme Court has acknowledged a private right of action to pursue claims for intentional discrimination under Section 601 of Title VI.  *Barnes v. Gorman*, 536 U.S. 181, 185 (2002).

49.    Defendant American Airlines excluded Plaintiff Denean R. Williams from participation in, denied him the benefits of, and subjected him to racially-motivated discrimination in connection with his attempts to board two different flights for which he had paid.

50.    Defendant American Airlines is liable for the intentionally discriminatory acts of its employees, agents and/or ostensible agents.

51.    As a result of the discriminatory conduct of Defendant American Airlines, Plaintiff Denean R. Williams suffered monetary losses as well as emotion and mental distress.

WHEREFORE, Plaintiff Denean R. Williams demands judgment and compensatory and punitive damages against Defendant American Airlines, together with costs of suit, interest and attorney's fees, as well as all other damages allowed under law and in the discretion of the Court.

**COUNT FOUR – 42 U.S.C.A. Section 1981**
**Plaintiff Denean R. Williams v. Defendant American Airlines**

52.     The preceding paragraphs are incorporated in full here as though set forth in their entirety.

53.     Federal law, under 42 U.S.C.A. Section 1981, provides, "All persons within the jurisdiction of the United States shall have the same right in every state and Territory to make and enforce contracts. . . as is enjoyed by white citizens."

54.     This federal statute defines "make and enforce contracts" as "the making, performance, modification, and termination of contracts, and the enjoyments of all benefits, privileges, terms and conditions of the contractual relationship."

55.     Plaintiff Denean R. Williams, an African-American man, is a member of a racial minority.

56.     Defendant American Airlines intentional discriminated against Mr. Williams on the basis of his race including through the conduct of its employees, agents and ostensible agents, including the gate attendant who interacted with Mr. Williams on May 26, 2026.

57.     Defendant American Airlines' discriminatory conduct interfered with Mr. Williams' ability to enjoy the rights, privileges, benefits and conditions of his contract to fly on two different flights from SFO to Philadelphia on May 26, 2026.

58.      Defendant American Airlines discriminated against Mr. Williams, who had a paid ticket, i.e. a contract to fly from SFO to Philadelphia, by:

      a.     Denying Mr. Williams the right to board the flights on which he had paid to fly;

b.     Forcing Mr. Williams to miss two flights home, including a flight on which his wife had already boarded and on which she was waiting for him;

c.     Falsely reporting Mr. Williams to the police;

d.     Falsely accusing Mr. Williams of assault;

e.     Forcing Mr. Williams to be interrogated by police; and

f.     Subjecting Mr. Williams to the gate attendant's repeated justifications for her unlawful actions by referring to Mr. Williams as a "large black man."

59.     Defendant American Airlines' unlawful discrimination against Mr. Williams has directly caused Plaintiff to suffer substantial monetary losses as well as emotional and mental distress.

WHEREFORE, Plaintiff Denean R. Williams demands judgment and compensatory and punitive damages against Defendant American Airlines, together with costs of suit, interest and attorney's fees, as well as all other damages allowed under law and in the discretion of the Court.

## COUNT FIVE – Intentional Infliction of Emotional Distress
## Plaintiff Denean R. Williams v. Defendant American Airlines

60.     The preceding paragraphs are incorporated in full here as though set forth in their entirety.

61.     Defendant American Airlines owed a duty to its passengers to treat them appropriately and without discriminating on the basis of race.

62.     Defendant American Airlines is legally responsible for all of its employees, agents and ostensible agents, including the gate attendant who interacted with Mr. Williams at SFO on May 26, 2026.

63.     Defendant's actions and treatment of Plaintiff Denean R. Williams were intentional and outrageous.

64.     Plaintiff Denean R. Williams has suffered mental and emotional distress since he was subjected to racial discrimination as described in this Complaint.

65.     Defendant's discriminatory actions have caused Plaintiff Denean R. Williams to suffer physical impact from his mental and emotional distress, including, stress, humiliation, embarrassment, and anxiety.

WHEREFORE, Plaintiff Denean R. Williams demands judgment and compensatory and punitive damages against Defendant American Airlines, together with costs of suit, interest and attorney's fees, as well as all other damages allowed under law and in the discretion of the Court.

### COUNT SIX – Negligent Infliction of Emotional Distress
### Plaintiff Denean R. Williams v. Defendant American Airlines

66.     The preceding paragraphs are incorporated in full here as though set forth in their entirety.

67.     Defendant American Airlines owed a duty to its passengers to treat them appropriately and without discriminating on the basis of race.

68.     Defendant American Airlines is legally responsible for all of its employees, agents and ostensible agents, including the gate attendant who interacted with Mr. Williams at SFO on May 26, 2026.

69.     Defendant's actions and treatment of Plaintiff Denean R. Williams were negligent and outrageous.

70.     Plaintiff Denean R. Williams has suffered mental and emotional distress since he was subjected to racial discrimination as described in this Complaint.

71.    Defendant's discriminatory actions have caused Plaintiff Denean R. Williams to suffer physical impact from his mental and emotional distress, including, stress, humiliation, embarrassment, and anxiety.

WHEREFORE, Plaintiff Denean R. Williams demands judgment and compensatory and punitive damages against Defendant American Airlines, together with costs of suit, interest and attorney's fees, as well as all other damages allowed under law and in the discretion of the Court.

Respectfully submitted,

**FREIWALD LAW, P.C.**

BY: _____

AARON J. FREIWALD, ESQUIRE
Attorney ID 78028
ajf@freiwaldlaw.com
123 S. Broad Street
Suite 2170
Philadelphia, PA 19109
Tel. 215-875-8000
Fax 215-875-8575

*Attorney for Plaintiff*
*Denean R. Williams*

Date:    July 30, 2026